UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALISANNY MONTERO,
a/k/a Alisanny Montero Kurtz;
JAMES D. KURTZ and
DIANE K. MUELLER,

        Plaintiffs,

v.                                                         Case No. 19-cv-581-pp

SCOTT WALKER, TONY EVERS, BRAD SCHIMEL,
JAMES DOYLE, STATE OF WISCONSIN, SALLY TESS,
JENNIFER WHITEHEAD, DOUG SUNDSMO,
LAURA HENNING LORENZ, REBECCA PERSICK,
ANGELA W. SUTKIEWICZ, PETE S., JAMES BOLGERT,
JOEL URMANSKI, JOE DECECCO, TODD PREIBE,
MIKE HELMKE, CORY ROESELER, ADAM N. PAYNE,
SHEBOYGAN COUNTY, JEFF G. TAUSCHECK,
TOWN OF RHINE, RON PLATZ, CITY OF PLYMOUTH,
JANET C. LAMMERS, GUST C. LAMMERS,
LAMMERS LITTLE LAMBS, LLC., BRIAN YERGES,
DON POHLMAN, DWIGHT DARROW, COREY NORLANDER,
ERIC PASHLEY, JAMES HAASCH, LANCE DASSLER,
LT. WILLIAMS, INSPECTOR BERGMAN, TODD TRASS,
JUSTIN DANIELS, WIMMER, BASIL, SGT. WEILGOSH and EPPING,

        Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 6, 7, 23, 26, 29, 32, 34, 42, 46, 53, 55, 59, 60, 71); DISMISSING CASE WITH PREJUDICE; DISMISSING REMAINING MOTIONS AS MOOT (DKT. NOS. 48, 63, 67); DIRECTING CLERK'S OFFICE TO RETURN ALL FUTURE FILINGS IN CIVIL CASES BY JAMES KURTZ/JAMES LAMMERS AND ORDERING DIANE K. MUELLER TO SHOW CAUSE WHY THE COURT SHOULD NOT SANCTION HER FOR VIOLATING FED. R. CIV. P. 11(B)**

---

On April 23, 2019, the *pro se* plaintiffs filed this complaint against forty-two defendants. Dkt. No. 1. The court will grant the defendants' motions to

1

dismiss, dismiss the case with prejudice under the Seventh Circuit's order in Lammers v. Ellerd, Case No. 98-3634, 1999 WL 1075323 (7th Cir. Nov. 24, 1999), direct the clerk of court to return all future filings in civil cases and require Diane K. Mueller to show cause why the court should not sanction her for violating Fed. R. Civ. P. 11(b).

I.  **Background**

The three named plaintiffs are James D. Kurtz, also known as James D. Lammers;[1] Alisanny Montero, a/k/a Alisanny Montero Kurtz, Kurtz's wife; and Diane K. Mueller, Kurtz's associate, who has more than once filed lawsuits on Kurtz's behalf, see, *e.g.*, Mueller v. Whitehead, Case No. 09-cv-546; Mucha & Mueller v. State of Wisconsin, Case No. 12-cv-202, 2013 WL 1498993 (E.D. Wis. April 10, 2013). The real party in interest appears to be Kurtz; the complaint states that Montero "claims rights of action against the defendants" in her capacity as James Kurtz's wife "and as Jmes [sic] Kurtz' only hier [sic]," under her "property rights by marriage from James and his properties." Dkt.

---

[1] Although the plaintiff identified himself in this suit as "James D. Kurtz," the facts of this case and his filings in previous cases in this district and the Seventh Circuit show that "James Lammers" and "James Kurtz" are the same person. See, *e.g.,* Dkt. No. 68 (affidavit from Kurtz's mother noting that his names is James Lammers, not James Kurtz); Mucha v. State of Wisconsin, Case No. 12-cv-202-LA (E.D. Wis.) (the facts of which case the plaintiffs "incorporate as if restated" in this case, dkt. no. 1 at 5, and in which Judge Adelman's order of dismissal, dkt. no. 60, referred to Kurtz as "James Lammers," "James Kurtz," and "James Lammers/Kurtz"); James D. Lammers v. Janet C. Lammers, Case No. 2009CV000698 (Sheboygan County Circuit Court), accessible at https://wcca.wicourts.gov (the complaint alleges that "James Kurtz filed petitions for injunction and or restraining orders" in that case, dkt no. 1 at 5; the public docket shows that "James D. Lammers," not James Kurtz, was the petitioner in the case). The court will refer to him as "Kurtz," the name he used when filing this complaint.

No. 1 at 3. Mueller claims to have rights through her "association with James Kurtz," and claims to be "enforcing her rights privileges and immunities as such as to associate with Kurtz' and otherwise." Id.

The twenty-two page, single-spaced, stream-of-consciousness complaint touches on allegations that the "state/county" stole Kurtz's house, property and barn in 2009, and that this "theft" occurred on behalf of Janet Lammers (his mother), dkt. no. 1 at 5; that there was an unlawful search of Mueller's home that resulted in Kurtz's property being taken, dkt. no. 1 at 19; that there was an unlawful search of Thomas Mucha's home (not a plaintiff in this case), id.; that the defendants "kidnapped" Kurtz and disguised it as an arrest, id.; that various court and government officials conspired to effectuate these alleged injustices, id.; and various other sometimes incomprehensible allegations.

Multiple defendants have filed motions to dismiss. Dkt. No. 6 (Sheboygan County); Dkt. No. 7 (Laura Henning Lorenz); Dkt. No. 23 (Cory Roeseler); Dkt. No. 26 (Cory Norlander); Dkt. No. 29 (Eric Pashley); Dkt. No. 32 (Adam Payne); Dkt. No. 34 (Basil, James Bolgert, Joe DeCecco, James Doyle, Tony Evers, James Haasch, Rebecca Persick, Brad Schimel, State of Wisconsin, Doug Sundsmo, Angela W. Sutkiewicz, Sally Tess, Joel Urmanski, Scott Walker, Jennifer Whitehead, Wimmer); Dkt. No. 42 (Gust Lammers, Janet Lammers, Lammers Little Lambs LLC); Dkt. No. 46 (Dwight Darrow); Dkt. No. 53 (Inspector Bergman, Lance Dassler, Mike Helmke, Todd Trass, Sgt. Weilgosh); Dkt. No. 55 (Lt. Williams); Dkt. No. 59 (Pete S.); Dkt. No. 60 (Ron Platz, Town of

Rhine); and Dkt. No. 71 (City of Plymouth, Justin Daniels, Don Pholman, Jeff Tauschek and Brian Yerges).

Kurtz has filed a "Motion for Ruling on a Procedural Matter and or Extention [sic] to Answer Motions," dkt. no. 48; a "Motion for Orders to Defendants to Pay Costs of Service and Service They Caused By Not Waiving Service When Requested," dkt. no. 63; and a "Motion for Order to Produce Evidence by the Defendants Proving and or Tending to Prove They Are Making Baseless Motions and or Misleading the Court Intending Influence its Decision Involving There [sic] Motions to Dismiss Knowingly and Deliberately and Motion to Delay Any Required Answers Fully by Plaintiffs Until Defendants Provide the Evidence," dkt. no. 67. Each of these motions is signed by "James D. Kurtz et al for plaintiffs." Id.

## II. Analysis

### A. James Kurtz

Kurtz has a history of frivolous litigation in the Eastern District, the Seventh Circuit and other district courts. In 1999, the Seventh Circuit barred him from filing "any complaint, appeal, or other paper in any civil litigation anywhere in" the Seventh Circuit until he "pays, in full, all outstanding sanctions orders and all outstanding filings and docket fees for his many suits." Ellerd, 1999 WL 1075323 at *2. The court ordered that "[u]ntil Lammers pays, in full, all outstanding sanctions orders *and* all outstanding filing and docket fees for his many suits, the clerks of all seven district courts in this

4

circuit, and the clerk of [the Seventh Circuit], will return to Lammers all filings in civil cases." Id. at *1.

Despite that order, in February 2012, a complaint was filed listing Diane Mueller and Thomas Mueller as the plaintiffs. Mucha v. Wisconsin, Case No. 12-cv-202-LA (E.D. Wis.). In his order dismissing that case, Judge Lynn Adelman stated that although Mueller and Mucha were the two named plaintiffs, "the real party in interest is James Lammers," also identified as James Kurtz and James Lammers/Kurtz. Id. at Dkt. No. 60, page 1 n.1. Judge Adelman concluded that the reason Kurtz wasn't named as a plaintiff was due to his history of frivolous filings and the fact that he'd been barred by the Seventh Circuit's order in Ellerd. Judge Adelman found that the suit was Kurtz's "transparent attempt to get around the Seventh Circuit's order by filing a lawsuit using other people's names," and dismissed the case. Id. at 2. Undeterred, Mueller and Mucha tried to have Kurtz added as a plaintiff; Judge Adelman observed that to try to effectuate this, Kurtz "unsuccessfully attempted to have his name removed from the restricted filers list," by paying $500 he owed in sanctions from a 1999 case; Judge Adelman noted that Kurtz "still appear[ed] on the Seventh Circuit's restricted filer list," and that to be removed, he had to prove to the Seventh Circuit that he had paid every single filing fee sanction against him. Mucha v. Wisconsin, Case No. 12-cv-202-LA, 2012 WL 5331220 at *1 (E.D. Wis. Oct. 26, 2012). Mueller and Mucha (and, presumably, Kurtz) again asked Judge Adelman to reconsider his dismissal of

the case; Judge Adelman again declined. Mucha v. Wisconsin, Case No. 12-cv-202-LA, 2013 WL 1498993 at *1-2 (E.D. Wis. April 10, 2013).

This court contacted the Seventh Circuit Court of Appeals. Kurtz remains on the list of restricted filers (under both the names James Kurtz and James Lammers); he has not yet complied with the Seventh Circuit's order requiring him to "furnish the clerk [of the Seventh Circuit] with a complete inventory of all sanctions he has incurred during his lifetime, and of all filing fees incurred since the enactment of the Prison Litigation Reform Act on April 26, 1996, and demonstrate that all have been paid in full." Ellerd, 1999 WL 1075323 at *2. Kurtz remains barred from filing cases in courts in the Seventh Circuit, and arguably the clerk's office should have returned the complaint to him as the Seventh Circuit required in Ellerd.

Perhaps the clerk's office did not return the filings because Kurtz referred to himself, not as "Lammers"—the name by which the Seventh Circuit knew him in 1999—but as Kurtz. Or perhaps the clerk's office was concerned that there were two other plaintiffs listed on the complaint—Montero and Mueller. This court, like Judge Adelman did in the Mucha case, finds that the real party in interest is Kurtz. The issues Kurtz raises in this suit are the same issues he sought to raise in Mucha. They are the same issues he tried to raise, through a lawsuit filed by Mueller, in Mueller v. Whitehead, 09-cv-546-RTR (E.D. Wis.). Judge Randa dismissed that case, finding that the only reason Mueller appeared as the plaintiff was to evade the Seventh Circuit's order in Ellerd.

Dkt. No. 4 at 2. The only party with any arguable standing is Kurtz, and Kurtz is barred from filing lawsuits in this court.

The court will dismiss this case with prejudice. The court also will direct the clerk of court to add "James D. Kurtz," "James Lammers," "James Lammers/Kurtz" and any other variation of those names to this court's list of restricted filers, and to return to him all filings in civil cases; this order will exclude criminal cases and collateral attacks (although Kurtz needs the Seventh Circuit's permission to file those). The court will issue this directive in accordance with Ellerd, and with Support Sys. Int'l, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995).

B.   Diane K. Mueller

Federal Rule of Civil Procedure 11(b) states that when a party signs a pleading and files it with the court, the party is certifying to the best of her knowledge, information and belief that the claims in that pleading are not frivolous and are likely to have evidentiary support. Rule 11(c)(3) provides that the court may, on its own initiative, order a party to show cause why that party's conduct does not violate Rule 11(b). Mack, 45 F.3d 185, provides that when courts impose sanctions, and the party does not pay the sanctions and continues to file, the court may bar a party from future filings until the party pays the sanctions.

Mueller has twice assisted James in bringing his frivolous cases to court. Mueller v. Whitehead, Case No. 09-cv-546-RTR (E.D. Wis.), Dkt. No. 8; Mucha v. Wisconsin, Case No. 12-cv-202-LA (E.D. Wis.), Dkt. No. 60. Judge Randa

warned Mueller in 2009 that "she may be subject to sanctions if she files any further frivolous lawsuits or ventures another effort to help Lammers circumvent his restrictions." Mueller v. Whitehead, Case No. 09-cv-546-RTR at Dkt. No. 4, p. 2. Judge Adelman warned Mueller in April 2012 that she "may be subject to sanctions if [she] file[s] any further lawsuits on [James's] behalf." Mucha v. Wisconsin, Case No. 12-cv-202-LA at Dkt. No. 60, p. 2. Despite two warnings, Mueller has joined this third suit on Kurtz's behalf.

The court will issue an order requiring Mueller to file a document showing cause why the court should not sanction her for assisting Kurtz in filing this case. The court may impose a financial sanction of as much as $500 if Mueller does not provide the court with a written document explaining why she should not be sanctioned by the date the court sets, or if the written document does not convince the court that Mueller was not acting in violation of the court's prior orders.

### C. Alisanny Montero, *a/k/a* Alisanny Montero Kurtz

As far as the court can tell, this is the first time Alisanny Montero has appeared in Kurtz's cases, perhaps because it appears they were married only last year. The court warns Montero that she could be subject to sanctions if she files or participates in any future attempts to assist Kurtz in avoiding the Seventh Circuit's bar on filing.

### III. Conclusion

The court **GRANTS** the defendants' motions to dismiss. Dkt. Nos. 6, 7, 23, 26, 29, 32, 34, 42, 46, 53, 55, 59, 60, 71.

8

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** in accordance with the Seventh Circuit's decision in Ellerd. The court will enter judgment accordingly.

The court **ORDERS** that the clerk of court shall return any filings in any civil cases (excluding collateral attacks on criminal convictions) made by James D. Kurtz, James Lammers, James Lammers/Kurtz or any combination of those names.

The court **DENIES AS MOOT** the plaintiffs' remaining motions. Dkt. Nos. 48, 63, 67.

The court **ORDERS** that by the end of the day on **February 21, 2020**, Diane K. Mueller must file a written statement showing cause why this court should not impose a monetary sanction against her for assisting James Kurtz in violating the Seventh Circuit's order. Mueller must file the statement in time for the court to receive it by the end of the day on February 21, 2020. If the court does not receive the written statement by the deadline, the court may impose a financial sanction against Diane K. Mueller.

Dated in Milwaukee, Wisconsin this 28th day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**