UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

ALISANNY MONTERO *a/k/a Alisanny Montero Kurtz*,
JAMES D KURTZ *a/k/a James Lammers*
and DIANE K. MUELLER,

        Plaintiffs,

  v.

SCOTT WALKER, *et al.*,

        Defendants.

Case No. 19-cv-581-pp

---

**ORDER DENYING PLAINTIFF KURTZ'S MOTION TO REOPEN CASE (DKT. NO. 77), DENYING AS MOOT PLAINTIFF KURTZ'S DUPLICATE MOTION TO REOPEN CASE (DKT. NO. 79) AND DENYING AS MOOT PLAINTIFF KURTZ'S MOTION FOR ORDERS (DKT. NO. 83)**

---

Four years ago, the court dismissed this case with prejudice under the Seventh Circuit's order in Lammers v. Ellerd, Appeal No. 98-3464, 1999 WL 1075323 (7th Cir. Nov. 24, 1999), directed the Clerk of Court to return all future filings in civil cases filed by the above plaintiffs and required plaintiff Diane K. Mueller to show cause why the court should not sanction her for violating Federal Rule of Civil Procedure 11(b). Dkt. No. 74 at 9. The court recounted that plaintiff James D. Kurtz had a history of frivolous litigation in the Eastern District and that the Seventh Circuit had barred him from filing "any complaint, appeal, or other paper in any civil litigation anywhere in" the Seventh Circuit until he "pays, in full, all outstanding sanctions orders and all outstanding filings and docket fees for his many suits." Id. at 4 (citing Ellerd,

1

1999 WL 1075323, at *2). After confirming that Kurtz remained a restricted filer in this circuit, that he was the real party in interest and was using his wife (Alissany Montero) and associate (Mueller) to circumvent the proscription on filing and that he had not complied with the Seventh Circuit's order, the court dismissed the case. Id. at 7. The court cautioned Montero that she, too, would be subject to sanctions if she made any future attempts to assist Kurtz in avoiding the Seventh Circuit's bar. Id.

I. **James D. Kurtz's Motion to Reopen (Dkt. No. 77)**

Last fall—three years after the court dismissed the case—Kurtz filed a two-page "MOTION TO REVERSE THIS COURT'S ORDERS DISMISSING THIS CASE BASED ON THE ORDERS OF THE 7TH CIRCUIT COURT OF APPEALS ORDERS STOPING [SIC] THE SANCTIONS AFTER THIS COURT ISSUED ITS ORDERS WITH NOTHING MORE THAN A RENEWAL OF MOTIONS MADE PREVIOUS TO THIS COURTS ORDERS TO DISMISS IN THIS CASE." Dkt. No. 77. According to Kurtz, the defendants "are and have been involved in criminal operations with state judge by status to further the wrong doing [sic] herein and do more as a result of the courts dismissal based on sanctions ordered by the 7th circuit, but plaintiffs claimed all along exigent circumstances existed also which was an exception to the sanctions." Id. at 1 (capitalization omitted). Kurtz asks the court to reopen this case, arguing that the court's dismissal allowed the defendants to "fake papers in state court for the purpose of denying due process and equal protections of law." Id.

2

With the motion to reopen, and without providing any context, Kurtz filed eighteen pages of exhibits. Dkt. No. 77-1. The first few pages appear to be an undated transcript of a conversation with Deputy Trass and Officer TenHaken. Id. at 1-3. Kurtz also included a sales receipt from John Deere, id. at 4, a handwritten note from "Mrs. Margaret Miller" in Plymouth, Wisconsin, id. at 5-6, almost illegible pages of what appear to be some type of policy (perhaps an insurance policy), id. at 7-9, an undated transcript of a conversation with Detective Dave Obremski, id. at 10-12, a quit claim deed, id. at 13, a record of a conversation between someone named Janet and an unknown detective, id. at 14-16, and the affidavit of Janet Lammers purportedly filed in Case No. 17-cv-22, id. at 17-18. None of these documents appear to support the request to reopen, although they may somehow relate to the underlying complaint.

The court will deny the motion to reopen. Kurtz cites no rule in support of his request. See Civil Local Rule 7(a) (E.D. Wis.) ("Every motion must state the statute or rule pursuant to which it is made[.]"). If Kurtz is asking this court to alter or amend the judgment it issued in January 2020, he would have to make such a request under Fed. R. Civ. P. 59(e). That rule allows a party to file a motion to alter or amend judgment within twenty-eight days of the court entering judgment; Kurtz waited three years to file his motion.

Rule 60(b) allows a court to grant relief from a final judgment within a "reasonable time" after entry of judgment for a specific set of reasons, including "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud or misconduct. Rule 60(b) further allows a court to grant relief

3

from judgment for "any other reason that justifies relief," but the movant seeking such relief "must show extraordinary circumstances justifying the reopening of a final judgment." Ramirez v. United States, 799 F.3d 845 (7th Cir. 2015) (citing Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). Kurtz does not meet these criteria. The court made no mistake—the Seventh Circuit had imposed a filing bar. Nor is this a case of inadvertence, surprise or excusable neglect.

Kurtz has not demonstrated extraordinary circumstances. While the Seventh Circuit temporarily lifted the filing bar in 2023, it reimposed that bar on August 20, 2024. Mucha *et al.* v. State of Wisconsin, Appeal No. 24-1720 (available in Mucha, *et al.* v. State of Wisconsin, *et al.*, Case No. 12-cv-202-LA (E.D. Wis.), Dkt. No. 104 (order dated August 20, 2024). In addition to imposing a sanction of $1,000 for filing a frivolous appeal, the Seventh Circuit ordered:

> IT IS FURTHER ORDERED that the clerks of all federal courts in this circuit shall return unfiled any papers submitted either directly or indirectly by or on behalf of James Kurtz, also known as James Lammers, unless and until he pays in full the sanction that has been imposed against him and all outstanding filing fees. See In re City of Chicago, 500 F.3d 582, 585-86 (7th Cir. 2007); Support Sys. Int'l, Inc. v. Mack, 45 F.3d 185, 186 (7th Cir. 1995). In accordance with our decision in Mack, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. See Mack, 45 F.3d at 186-87. This order will be lifted immediately once he makes full payment. See City of Chicago, 500 F.3d at 585-86. If appellant, despite his best efforts, is unable to pay in full all outstanding sanctions and filing fees, he is authorized to submit to this court a motion to modify or rescind this order no earlier than two years from the date of this order. See id.; Mack, 45 F.3d at 186.

Id.

This is not the only venue in which plaintiff Kurtz has been trying to raise claims despite the Seventh Circuit's filing bar. On January 13, 2017, Kurtz sued the State of Wisconsin and nine other defendants (including several of the defendants he sued in this case) in Sheboygan County Circuit Court. Kurtz v. State of Wisconsin, *et al.*, Case No. 2017CV000022 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov. On November 5, 2019, the circuit court granted the state's motion to dismiss. Id. Kurtz appealed on May 6, 2020, and on June 10, 2021, the court of appeals affirmed the circuit court's order. Id. On October 18, 2021, the Wisconsin Supreme Court denied Kurtz's petition for review. Id. Kurtz, however, continued to litigate various issues, and filed another notice of appeal on April 28, 2023 (this one from a February 8, 2023 order of the circuit court). Id. On July 17, 2024, the Wisconsin Court of Appeals summarily affirmed the circuit court, after finding Kurtz's brief to be incomprehensible. Kurtz v. State, Case No. 2023AP414, 2024 WL 3440039, *2 (Wis. Ct. App. July 17, 2024).

Several weeks *before* the Wisconsin Court of Appeals' July 17, 2024 ruling, Judge Brett H. Ludwig of this district dismissed a twenty-page federal complaint filed by plaintiffs Kurtz and Montero against forty-nine defendants; in doing so, he commented on the plaintiffs' history of frivolous filings in this district:

> While the Court would ordinarily provide Plaintiffs with an opportunity to file an amended complaint that more plainly states the allegations they wish to make, doing so here would be futile. Plaintiff James Kurtz, formerly known as James Lammers, has a long history of frivolous litigation. His *pro se* filings in the Eastern District of Wisconsin date back at least as far as 1987. (*See* Case

5

No. 87-cv-0533-JPS.) In 1991, the Court barred Kurtz from filing suit in this district without prior judicial approval. *See Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, *1 (7th Cir. 1999) (unpublished table decision). Kurtz still managed to file approximately 40 appeals and petitions in the years following. *Id.* Then, on November 24, 1999, the Seventh Circuit entered a *Mack* order, barring Kurtz from filing "any complaint, appeal, or other paper in any civil litigation anywhere in this circuit," until he paid all outstanding sanctions and fees from his many suits throughout the circuit. *Id.* at *1–2 (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)). The Seventh Circuit's *Mack* order stemmed the tide of frivolous filings, but Kurtz made attempts to circumvent the filing bar. In 2009, Judge Rudolph Randa dismissed a suit brought by Diane K. Mueller after determining she brought claims on behalf of Kurtz to circumvent his filing bar. (Case No. 09-cv-0546-RTR, ECF No. 4.) In 2012, Judge Lynn Adelman dismissed a suit brought by Mueller and Thomas Mucha after he determined Kurtz was the real party in interest. (Case No. 12-cv-0202-LA, ECF No. 60.) In 2020, Chief Judge Pamela Pepper dismissed with prejudice a suit brought by Kurtz, Montero, and Mueller pursuant to Kurtz's *Mack* bar. *Montero v. Walker*, No. 19-cv-581-pp, 2020 WL 433885 (E.D. Wis. Jan. 28, 2020). As to Montero, Judge Pepper noted that this was her first appearance in one of Kurtz's cases, but warned that she could be subject to sanctions if she participated in any further attempts to assist Kurtz in avoiding the Seventh Circuit's filing bar. *Id.* at *4.

On May 26, 2023, the Seventh Circuit lifted Kurtz's filing bar after he paid his fees in full. Order, *Lammers v. Ellerd*, No. 98-3634 (7th Cir. May 26, 2023), ECF No. 15. The court of appeals warned Kurtz that further frivolous filings would "lead to the reinstatement of a filing bar and possible monetary sanctions." *Id.* Following the *Mack* bar's lifting, Kurtz has been busy. He filed motions to reopen at least three closed cases, including one dating back to 1987. (*See* Case No. 12-cv-0202-LA, ECF No. 83; Case No. 19-cv-0581-pp, ECF No. 77; Case No. 87-cv-0533-JPA, ECF No. 66.) In *Mucha v. Wisconsin*, Kurtz has also filed motions for an injunction and to amend the complaint, as well as a "motion for orders and to enforce rights." (Case No. 12-cv-0202-LA, ECF Nos. 88, 90, 98.) Judge Adelman denied his motion to reopen on April 3, 2024, (*Id.*, ECF No. 94), after which Kurtz appealed. (*Id.*, ECF Nos. 99–102.)

<u>Kurtz v. State of Wisconsin</u>, Case No. 24-cv-682, 2024 WL 3357891, *2-3 (E.D. Wis. July 9, 2024).

6

Judge J. P. Stadtmueller, also of this district, referred to James D. Lammers's (a/k/a Kurtz) "long history of frivolous litigation" when denying a similar motion to reopen on June 26, 2023. <u>Lammers v. State Farm Fire and Casualty Co.</u>, Case No. 87-CV-533, 2023 WL 4182101, *1 (E.D. Wis. June 26, 2023). Judge Stadtmueller commented that the motion to reopen was a "reminder of why a filing bar was imposed in the first place." <u>Id.</u> at *2.

The court has checked the docket in Appeal No. 24-1750. To date, Kurtz has not paid the $1,000 sanction imposed by the Seventh Circuit on August 20, 2024; the filing bar remains in place. Kurtz has stated no basis for the court to reopen this case. The court will deny the motion.

II. **Plaintiff's Duplicate Motion to Reopen Case (Dkt. No. 79)**

Five days after the court received his initial motion to reopen, the court received from Kurtz a second, identical motion. Dkt. No. 79. To this second motion he added over five pages of "basic facts" regarding the original complaint (Dkt. No. 79 at 3-8) and sixteen pages of the attachments he filed with the original motion (Dkt. No. 79-1). The court will deny as moot the second motion.

III. **Plaintiff's MOTION FOR ORDERS TO STOP ALL FUTURE CRIMINAL OPERATIONS TOWARDS JAMES D. KURTZ AND OR HIS WIFE ALISANNY MONTERO ARISING FROM THE 2009 TAKINGS AND COVERUP AND MONEY LAUNDERING AND OTHER RELATED CRIMINAL UNCONSITTUIONAL OPERATION OF DEFENDANTS ETAL AND FROM THE ENABLEMENT OF THE DISTRICT JUDGES OF THE EASTERN DISTRICT AND WESTERN DISTRICT AS RELATED AND RELATED TO CLAIMED ENABLEMENT OF PRIOR SCANTIONS [SIC] LIFTED IN 2023 BY THE 7TH CIRCUIT AND OR FROM THE DISTRICT JDUGES VIOLATION OF EXCEPTION TO THE SANCTION ORDERS MAINTAINING INJURY THEN AND INTO THE FUTURE**

**INCLUDING BUT NOT LIMTED TO THE ONGOING FELONY EDEIAL OF USE OF KURTZ' PROPERTY AND OR MONEY AND FROM THE MONEY LAUNDERING BY THE STATE DEFENDANTS ETAL AS RELATED (Dkt. No. 83)**

On July 22, 2024–about a month before the Seventh Circuit reinstated the filing bar—Kurtz filed another motion in this court. Dkt. No. 83. It appears that in filing this motion, Kurtz assumed that the court was going to grant his request to reopen the case; the motion asks the court to return the plaintiffs' property "as seizure was prohibited in the first place . . ." Id. at 3. Because this case is closed and the court is denying Kurtz's motion to reopen,, the court will deny as moot Kurtz's motion for orders.

**IV. Conclusion**

The court **DENIES** plaintiff Kurtz's motion to reopen case. Dkt. No. 77.

The court **DENIES AS MOOT** plaintiff Kurtz's duplicate motion to reopen case. Dkt. No. 79.

The court **DENIES AS MOOT** plaintiff Kurtz's motion for orders. Dkt. No. 83.

Dated in Milwaukee, Wisconsin this 19th day of September, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**